### MURRAY v. MOLLOY et al.

*(Supreme Court, General Term, Second Department.  February 8, 1892.)*

EJECTMENT—EVIDENCE OF PLAINTIFF'S TITLE.

   In ejectment, it appeared that the original owner gave a mortgage of a tract including the land in question, and that the mortgagee released the strip in dispute to the mortgagor. Subsequent conveyances by the mortgagor, through which plaintiff claimed, did not embrace the disputed land, but it appeared to have been conveyed by the deeds under which defendants claimed title. *Held,* that a finding in defendants' favor was justified by the evidence.

Appeal from judgment on report of referee.

Action of ejectment by Eliza J. Murray against Catherine Molloy and Hugh Rose Hill. Judgment for defendants. Plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*S. S. Hemingway,* for appellant.    *Frederick Cobb,* for respondents.

BARNARD, P. J.    The plaintiff, in August, 1880, became the owner of lot 21 on a map recorded in Kings county, in Liber 939, p. 232.    The defendant is the owner of lot 22, which adjoins 21 on the west.    When the plaintiff acquired title to lot 21, she took possession and held it for many years. In 1889 the defendant took possession of a piece of land in the occupation of, plaintiff, being the piece of land described in the complaint.    The sole question was one of fact.    The plaintiff obtained title from one Moses Littell.    The title originally was in Frederic B. Hill.    Hill gave a mortgage to Littell, and Littell released the strip in question back to Hill.    The deeds from Hill of the property in question did not, after this release, embrace the disputed strip of land down to the time plaintiff bought.    At least this is the finding, and the surveyors differ as to the fact.    The description in the deeds under which defendant claims title support the finding that the change made by the release entered into the description of the lot 22, which defendant owns.    There is nothing in the release from which an appellate court can say that the finding is unsupported by the evidence.    The judgment should therefore be affirmed, with costs.    All concur.